José R. Cabán Torres, Petitioner, *v.* Gerardo Delgado, Warden, etc., Respondent.

No. HC-65-9.        Decided June 11, 1965.

---

*Víctor Tirado Saltares* and *Edna Abruña Rodríguez* for petitioner. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for respondent.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On May 24, 1961, the Superior Court, San Juan Part, imposed on petitioner three indeterminate sentences of 6 to 10 years in the penitentiary for violation of the Narcotics Act of 1959, sale of heroin. On February 5, 1965, petitioner appeared in this Court in his own right and alleged having served the minimum term of said sentences, and although he fulfilled the necessary requirements the Parole Board had refused to hear his case. In his way, he attacked the validity of § 55 of the Narcotics Act—Act No. 48 of June 18, 1959 (Sess. Laws, p. 119)—on the ground that it was contrary to the provisions of Act No. 295 of April 10, 1946 (Sess. Laws, p. 758), which established the indeterminate sentence and consequently impeached as null and void the sentences rendered against him.

We are aware of the fact that in truth the problem of this petitioner was whether, after serving the minimum term of his sentences, § 55 of the Narcotics Act precluded the Parole Board from considering his case pursuant to Act No. 295 of 1946, convicted as he was for the sale of narcotic drugs. In view of the uncertainty of the reasons the Board had to refuse considering the case, we transferred the matter to the Society for Legal Aid requesting it to assist petitioner and to inform the Court whether in fact there existed reasons for the Parole Board not to consider the case or whether the refusal was based on legal grounds.

Actually, it appears from the record that on April 9, 1965 the Parole Board decided that in view of the facts constitut-

ing the offense and of the provisions of § 55 of Act No. 48 of June 18, 1959, the Narcotics Act, and in view of the Opinion of June 8, 1964 of the Secretary of Justice, the Board had no jurisdiction over petitioner's case. The Society for Legal Aid assumed petitioner's representation and filed an amended petition for habeas corpus. We issued the writ of habeas corpus and heard the parties on May 17, 1965.

The problem for determination is whether § 55 of the Narcotics Act precludes a person convicted of the sale of narcotic drugs from enjoying the benefit of Act No. 295 of 1946 and may be granted *conditional* release by action of the Parole Board after he has served the minimum term fixed, whenever the other requisites of the law concur. If we should decide in the affirmative, a fortiori we would have to set aside the indeterminate sentences imposed on petitioner and order that he be sentenced again imposing fixed sentences. In other words, there would be no reason at law, and a practical purpose would be lacking in imposing, in such cases, indeterminate sentences between a minimum and a maximum if by reason of the aforementioned § 55 the ends and purposes of such indeterminate sentences could never be accomplished, and, in fact, the sentence would always become a fixed sentence for the maximum of the penalty imposed or the maximum imposed by law.

Act No. 259 of April 3, 1946 (Sess. Laws, p. 534), established the suspended sentence in the judicial system of Puerto Rico and provided for such cases that the sentence shall be suspended by the court and the person sentenced shall be placed on *probation*, and after the convicted person is placed on probation he shall be subject to the supervision of the Parole Board until expiration of the maximum term fixed by law or by the Judge, for the offense committed.

As amended by Act No. 177 of May 4, 1949 (Sess. Laws, p. 556), Act No. 259 established a system of *probation* in

the courts and it provided that the courts may suspend the effects of a sentence entered in the cases specified by the law. After being placed on probation the person shall remain under the legal custody of the Court and subject to the supervision of the *Conditional* Release Board until the expiration of the maximum term of his sentence, and the duration of the probation period shall be the same as the duration of the maximum term of the sentence. See the present text as amended by Act No. 58 of June 19, 1959 (Sess. Laws, p. 165).

Act No. 295 of April 10, 1946, established the indeterminate sentence and provided that after the convict has served the minimum term fixed by the court he shall remain under the jurisdiction of the Parole Board, which may release him on *parole* whenever certain requisites concur. As amended by Act No. 176 of May 4, 1949 (Sess. Laws, p. 552), Act No. 295 provided that after the person has served the minimum term fixed by the sentence he shall remain under the jurisdiction of the Parole Board which may grant a *conditional parole* under certain circumstances. See the present text of Act No. 78 of June 21, 1962 (Sess. Laws, p. 204).

Section 55 of the Narcotics Act, Act No. 48 of June 18, 1959 (Sess. Laws, p. 119), in its pertinent part provides: "The provisions on suspended sentences *and on release on parole or on probation* shall not be applicable to any person convicted of the violation hereof with respect to the transfer, sale or dispensing of the narcotic drugs covered by this act. The provisions on suspended sentence and release on parole or on probation shall be applicable to persons convicted for acts involving the mere possession and holding of said narcotic drugs."

Legal Aid maintains that the preceding provision does not preclude the application to petitioner of Act No. 295 of 1946, as amended, and that the Parole Board has the authority at

law to consider the case of a convict for the sale of narcotic drugs after he has served the minimum term of the indeterminate sentence imposed on him. The Solicitor General agrees with that opinion. To his brief he has also attached a copy of a communication of the Secretary of Justice dated May 14, 1965, addressed to the Chairman of the Parole Board on the construction of § 55 in relation to the problem under consideration. In said communication the Secretary of Justice rectifies his former opinion in accordance with the opinion of the Solicitor General and informs the Board that it has jurisdiction to entertain such cases of conviction for the transfer or sale of narcotic drugs for the purpose of granting *parole* after the person has served the minimum term of imprisonment.

We have examined the problem and if we adhere to the text of § 55 itself taken in conformity with the terms, not always uniform, of Acts Nos. 295 and 259 of 1946 and their subsequent amendments, it is not so evident what the lawmaker actually did or intended to do in this respect. Possibly the first position adopted by the Secretary of Justice was the result of this situation.

We do not hesitate, however, in agreeing with petitioner's counsel, with the Solicitor General and with the present opinion of the Secretary of Justice to the effect that the benefits of Act No. 295 as to indeterminate sentences should not be denied to a person convicted for the sale or transfer of narcotic drugs. We must uphold, over hermeneutic problems and in view of a reasonable doubt, the strong and desirable public policy of the general statute, Act No. 295. The alternative would be that these convicts would be subject to fixed sentences, thereby defeating, as to them, the public objective of rehabilitation of the delinquent, which is the result of a profound legislative conviction expressed in the Statement of Motives added to Act No. 295 when it was

amended in 1949, and in other acts of law. It is explained that a convict of the narcotic drugs business shall not be set free in his field of operation by means of a suspended sentence. But it is difficult to believe that a convict of the narcotic drugs business may not be susceptible, as any other human delinquent, of rehabilitation after the proper institutional treatment. Even in cases of murder in the first degree, where Act No. 295 itself always excluded the indeterminate sentence, and where life imprisonment is mandatory, by provision of law nowadays the convict is susceptible, after serving 12 natural years of imprisonment, of being returned to society as a useful person if a favorable rehabilitation has begun within him.—Act No. 78 of June 21, 1962.

We understand that the ultimate purposes of the penal public policy are better served by construing § 55 of the Narcotics Act, as understood by the parties, in the sense that the Parole Board has jurisdiction, as a matter of law, to consider the cases of convicts for the transfer and sale of narcotic drugs after they have served the minimum term of the sentence imposed.

In view of the preceding conclusion, the indeterminate and not the fixed sentences rendered in such cases are valid. Consequently the petition for habeas corpus does not lie. It could be considered as a mandamus for the action of the Board, but the latter has not been a party in this proceeding nor given the opportunity to be heard.

Judgment shall be rendered accordingly.